BENTON, J.,
concurring.
By petition for writ of certiorari, the defendants in a premises liability case ask us to quash the order disqualifying their trial counsel on conflict-of-interest grounds. They argue here, as they did below, that they have given informed consent in writing to the representation, well aware that the same law firm represents the plaintiffs employer, and that the same law firm has filed a lien asserting the plaintiffs employer is entitled to reimbursement, from any recovery the plaintiff may receive from petitioners, for workers’ compensation benefits that the employer paid the plaintiff.
After reciting the facts in its order disqualifying law firm,[3] the trial court ruled *313 that a conflict existed (and that whether or not plaintiff had standing to raise the conflict was “likely moot,”[4]) and then went on:
The next question to be answered is therefore: Can this conflict be waived by the clients?
An untitled subsection (b) of Rule 4-1.7 (“Conflict of Interest; Current Clients”), Florida Rules of Professional Conduct, states:
(b) Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
(1)the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
(2) the representation is not prohibited by law;
(3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
(4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.
Each of these four criteria must be met for a lawyer to proceed with dual representation in the face of a conflict of interest. In the present case, neither criterion (1) nor criterion (8) is met. It is not reasonable for the challenged law *314 firm in this case to conclude that it will be able to provide competent and diligent representation to the divergent interests of each client. Further, the representation requires the firm to assert for one or more clients positions which are adverse to those of one or more of the other clients, and to do so in the same proceeding before the same tribunal.
Because fewer than all the requirements of the rule are met, client consent to continued dual representation by the law firm is insufficient to permit the firm to continue its representations in the face of a conflict. The conflict is thus not one capable of being waived by client consent.
As is clear from the trial court’s order, the trial court had not been told of any indemnity agreement between the owner of the premises and the plaintiffs employer when its order was entered. Petitioners did advert to such an agreement in an affidavit attached to their motion for rehearing in the trial court. But they never favored the trial judge with a copy of the indemnity agreement. That did not surface until it appeared in the appendix to the amended petition for writ of certiorari.
Yet in this proceeding petitioners rely heavily on the indemnity agreement for the proposition that any conflict of interest was waived. (Disputing this contention at oral argument, respondent took the position that the agreement did not apply in any event because petitioners alone were alleged to have been negligent.) The belatedly disclosed indemnity agreement is plainly not something we should address now for the first time, or a proper basis for issuance of the writ. For this reason alone, the petition should be denied.
If the respondent had never filed suit, or if the employer had never filed the lien aligning itself against the defendant in the main action, the conflict might have been waivable. But by the time the trial court entered the order under challenge here, these parties were “adversaries in litigation.” As a comment to the Third Restatement of the Law Governing Lawyers explains:
Conflicts between adversaries in litigation. When clients are aligned directly against each other in the same litigation, the institutional interest in vigorous development of each client’s position renders the conflict nonconsentable (see § 128, Comment c, & § 129). The rule applies even if the parties themselves believe that the common interests are more significant in the matter than the interests dividing them. While the parties might give informed consent to joint representation for purposes of negotiating their differences (see § 130, Comment d), the joint representation may not continue if the parties become opposed to each other in litigation.
Restatement (Third) of Law Governing Lawyers § 122 cmt. g(iii) (2013). The employer’s lien was filed, not with the mediator, but with the court. Thereafter, the conflict between the employer and the petitioners became, in the terminology of the restatement, “nonconsentable.”
The filing of the lien in this case was “the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal.” R. Regulating Fla. Bar 4-1.7(b)(3). The premises liability claim remained unresolved. Cf. City of Hollywood v. Lombardi, 770 So.2d 1196, 1198-1202 (Fla.2000). Counsel filed the employer’s lien in the judicial proceeding, not in the mediation, which was, after all, court-ordered. The employer-by seeking to participate in any recovery with its employee, the plaintiff (respondent)-asserted a position (as a statutory indemnitee) adverse to *315 petitioners, the defending owners of the premises “in the same proceeding before a tribunal,” the Circuit Court for the Fourth Judicial Court. Id. See generally The Club at Hokuli'a, Inc. v. Am. Motorists Ins. Co., No. 10-00241 JMS-LEK, 2010 WL 3465278, at *5 (D.Haw. Sept.3, 2010) report and recommendation adopted sub nom, 2010 WL 4386741 (D.Haw.2010) (“Oceanside notes that, as a general rule, indemnitors are aligned with their indem-nitees in cases where the principal obligation is in dispute”).

. The trial court set out its fact findings in numbered paragraphs as follows:
*313 This case arises from the following circumstances:
1. The Plaintiff, Christopher Staples ("Plaintiff”), was an employee of Container Carrier Corporation ("Employer”).
2. On January 27, 2003, while working for the Employer, the Plaintiff was injured at the Jacksonville brewing and shipping facility of Anheuser-Busch, Inc. Plaintiff alleges that the accident occurred because of the negligence of two related Anheuser-Busch entities, An-heuser-Busch Companies, Inc., and Anheu-ser-Busch, Inc. ("Defendants”).
3. The Employer is a corporation separate and distinct from the Defendant corporations.
4. The Plaintiff received worker's compensation benefits from the Employer as a result of this accident. Because the Employer is self-insured against worker’s compensation claims, there is no Carrier in the worker’s compensation case.
5. The Plaintiff filed a negligence/premises liability action against the Defendants, seeking damages for the injuries he sustained in the January 27, 2003, accident at the Defendants’ brewery.
6. The law firm of Fernandez Trial Lawyers, P.A. ("the firm”), which has represented the Defendants in past actions, entered an appearance on behalf of both Defendants in this tort action.
7. The firm also filed a Notice of Lien in this tort action on behalf of the Employer. The lien was filed pursuant to section 440.39(3)(a), Fla. Stat.
8. When mediation was scheduled for November 1, 2012, in this case, Plaintiff's counsel discussed with the firm his concern about the fact that the firm was representing both the Defendants in the tort action and the Employer in the same action. On behalf of the firm, attorney E.T. Fernandez, III, responded in writing, indicating that the interest of the Employer with regard to the worker’s compensation lien would be addressed at mediation by, and negotiated by, Mr. James Gourley, a non-lawyer claims manager employed by the Employer. Because Plaintiff's counsel still had continuing concerns, the mediation was cancelled.
9. After learning of the dual representation, Plaintiff’s counsel moved promptly to file the pending disqualification motion.
10. Both the Defendants in the tort case and the Employer have filed waivers of any conflict which may currently or in the future exist because of the law firm’s representation of all three in the tort case.
(Footnotes omitted.)

. The trial court ruled:
[Ejven if Plaintiff here had no standing, the Court would "raise the question" of disqualification itself and reach the same result required by this order. Consequently, the issue of Plaintiff’s standing to pursue disqualification is likely moot.